IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

MICHAEL HARRISON HUNT, JR., )
)
        Petitioner, )
)
v. ) 1:10CV730
)
ALVIN W. KELLER, JR., )
)
        Respondent. )

## MEMORANDUM OPINION AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Petitioner, a prisoner of the State of North Carolina, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Docket Entry 2.) On March 20, 2008, Petitioner was convicted of first-degree murder and discharging a firearm into an occupied vehicle in cases 06 CRS 53037 and 07 CRS 3874 and was sentenced to life imprisonment without the possibility of parole. (Docket Entry 6, Ex. 2.) Petitioner filed a direct appeal, but the North Carolina Court of Appeals found no error and the North Carolina Supreme Court denied discretionary review. State v. Hunt, 198 N.C. App. 488, 680 S.E.2d 720, rev. denied, 363 N.C. 747, 689 S.E.2d 141 (2009). Petitioner then filed his Habeas Petition in this Court. (Docket Entry 2.) Respondent has filed a Motion for Summary Judgment. (Docket Entry 5.) Despite being informed of his right to file a response (Docket Entry 7), Petitioner has not done so. (See Docket Entries dated Nov. 9, 2010, to present.) Respondent's motion is now before the Court for a decision.

## Petitioner's Claim

Petitioner raises only one claim for relief in his Petition, i.e., that he was denied his right to a fair and impartial jury when the trial judge rejected his attempt to strike the entire jury pool after a prospective juror stated in front of said pool "that there was too much 'gun play' in Durham." (Docket Entry 2 at 6.)

## Discussion

Respondent initially has asserted that Petitioner's instant claim is unexhausted and procedurally barred because Petitioner raised the claim in his appeal to the North Carolina Court of Appeals, but did not raise it in his petition seeking discretionary review from the North Carolina Supreme Court. (Docket Entry 6 at 4-6.) This argument is dispositive.

Petitioner must exhaust available state court remedies before this Court can consider granting relief on a claim. 28 U.S.C. § 2254(b)(1). In order to exhaust his state court remedies, Petitioner must allow "the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights" by "'"fairly present[ing]" his claim in each appropriate state court . . ., thereby alerting that court to the federal nature of the claim.'" Jones v. Sussex I State Prison, 591 F.3d 707, 712 (4th Cir. 2010)(citing and quoting Baldwin v. Reese, 541 U.S. 27, 29 (2004)). He must also "raise his claim before every available state court, including those courts . . . whose review is discretionary." Id. at 713 (citing O'Sullivan v. Boerckel, 526 U.S. 838, 847 (1999)).

-2-

Here, Petitioner did not raise his claim in his petition for discretionary review to the North Carolina Supreme Court (Docket Entry 6, Ex. 6) and, therefore, did not exhaust his state court remedies as to that claim. The Court could allow Petitioner to return to state court to exhaust his remedies. However, no need exists to do so because Petitioner's claim is also procedurally barred. If Petitioner were to return to the state courts to exhaust his claim, he would find that his claim is now procedurally barred by N.C. Gen. Stat. § 15A-1419 because he could have raised the claim in his previous petition for discretionary review, but did not. This means that the claim is also procedurally barred from consideration in this Court. O'Sullivan, 526 U.S. at 848. Petitioner has not made any argument in favor of excusing the procedural bar and none is apparent in the record. In fact, as already noted, he has not even responded to Respondent's Motion for Summary Judgment. His claim should be denied for being unexhausted and procedurally barred.

**IT IS THEREFORE RECOMMENDED** that Respondent's Motion for Summary Judgment (Docket Entry 5) be **GRANTED** that the Habeas Petition (Docket Entry 2) be **DENIED**, and that Judgment be entered dismissing this action.

        /s/ L. Patrick Auld
        **L. Patrick Auld**
  **United States Magistrate Judge**

September 9, 2011